IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAMS EMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-1443 |
| | § | |
| ALEX M. AZAR II, SECRETARY, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HEALTH AND HUMAN SERVICES | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

On July 11, 2018, the court temporarily restrained Alex M. Azar, II, Secretary of the United States Department of Health and Human Services, "from withholding or offsetting payments . . . from[] Adams EMS, Inc. to effectuate the recoupment of the alleged overpayments in the underlying claims pending an administrative law judge hearing." (Docket Entry No. 22). The court set a bond at $5,000 in addition to the $35,000 already recouped by the Secretary. (*Id.*). On October 23, 2018, the court issued a preliminary injunction and waived the bond requirement for Adams. (Docket Entry No. 49). Adams moved to release the $5,000, and the government responded. (Docket Entry Nos. 51, 55).

Adams argues that the $5,000 should be released because the court did not require Adams to post a bond under the preliminary injunction. (Docket Entry No. 51 at 2). Adams contends that the funds should be available because the court found that Adams might file for bankruptcy if the government recoups the alleged overpayment. (*Id.* at 3). According to Adams, because Federal Rule of Civil Procedure 65(c) does not require the posting of a bond to cover the government's "hypothetical costs or damages," the court should release the $5,000. (*Id.*). Adams also contends

that it is entitled to the funds because the court found that there is a substantial likelihood that Adams will succeed on the merits. (*Id.*).

The government responds that the bond requirement "is designed 'to cover . . . damages that . . . result if it were later determined that [the applicant] is not entitled to an injunction." (Docket Entry No. 55 at 2 (quoting *Commerce Tankers Corp. v. Nat'l Mar. Union of Am.*, 553 F.2d 793, 800)). The government argues that "Adams has not demonstrated that the reasonable possibility of damage to the [g]overnment has passed." (*Id.*). Because Adams claims that it might file for bankruptcy if the government recoups the alleged overpayment, the government believes that "the chances of . . . recover[y are] slim to none." (*Id.*). The government concedes that an administrative law judge has not adjudicated Adams's appeal. (*Id.*). But the government argues that the first two levels of Medicare's appellate review process have affirmed the overpayment determination, and that only a small fraction of appellants receive a fully favorable administrative-law-judge decision. (*Id.* at 2–3). The government asks the court to keep the $5,000 in escrow to ensure that it may recoup at least $40,000, approximately 10 percent of the alleged overpayment. (*Id.* at 3). According to the government, the court should not release the bond "as doing so would further diminish [its] ability to safeguard and preserve the Medicare trust fund." (*Id.*).

Under Rule 65(c), "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined." FED. R. CIV. P. 65(c). The Fifth Circuit has explained:

> [t]his bond requirement serves two functions: (1) it assures the enjoined party that it may readily collect damages from the funds posted or the surety provided in the event that it was wrongfully enjoined, without further litigation and without regard to the possible insolvency of the assured, and (2) it provides the plaintiff with notice of the maximum extent of its potential liability, since the amount of the bond is the limit of the damages the defendant can obtain for a wrongful injunction, . . . provided

the plaintiff was acting in good faith.

*Continuum Co., Inc. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989) (quotation omitted). The "amount of security required pursuant to Rule 65(c) is a matter of discretion for the trial court," and "the court may elect to require no security at all." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (quotation omitted); *see also A.T.N. Indus., Inc. v. Gross*, 632 F. App'x 185, 192 (5th Cir. 2015) (Rule 65(c) "itself allows the court to provide the amount that it 'considers proper.'").

Adams posted the $5,000 bond as a condition of the temporary restraining order, which expired on July 25, 2018. (Docket Entry No. 22). On Adams's showing that it was entitled to a preliminary injunction, the court enjoined the government from recouping the alleged overpayment amount and waived the bond requirement under Rule 65(c). (Docket Entry Nos. 35, 48, 49). The government opposes Adams's motion because it seeks additional security in the event that an administrative law judge affirms the overpayment decision. (Docket Entry No. 55 at 2). But the bond requirement is intended to protect the enjoined party from damages sustained by a wrongful injunction, *Continuum Co.*, 873 F.2d at 803, and the court has found that in light of the Fifth Circuit's decision in *Family Rehab., Inc. v. Azar*, 886 F.3d 496, 507 (5th Cir. 2018), there is a substantial likelihood that Adams will succeed on the merits. The government has already collected $35,000 of the alleged overpayment amount, and the order requiring the bond expired in July 2018.

Adams's motion is granted, and the $5,000 posted as security for the July 11, 2018, temporary restraining order is released.

SIGNED on November 29, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge