United States District Court
Southern District of Texas
**ENTERED**
January 06, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAMS EMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-1443 |
| | § | |
| ALEX M. AZAR, II, SECRETARY, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HEALTH AND HUMAN SERVICES | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.    Background**

This is a Medicare overpayment case. The plaintiff, Adams EMS, is an ambulance company participating in the Medicare program as a supplier. The defendant is Alex M. Azar II, Secretary of the Department of Health and Human Services, in his official capacity. The premise of the lawsuit is that the Department's contractors wrongfully calculated the Medicare overpayments Adams EMS received. The Department sought repayment of $418,035; Adams argued that the amount of overpayment was just under $15,000. Adams tried to obtain a hearing before an agency administrative law judge, but faced a multi-year delay due to case backlog. The Department threatened to recoup the $418,035 extrapolated Medicare overpayment. Adams sued Secretary Azar for violating due process, violating the Medicare Act, violating the statutory limitation on recoupment, and acting *ultra vires*. Adams sought a declaratory judgment, mandamus relief, and an injunction prohibiting the Department from recouping the alleged overpayment while Adams waits for a hearing before an administrative law judge.

This court dismissed Adams's mandamus claims and granted a TRO and a preliminary injunction restraining the Department from withholding any Medicare receivables pending an administrative-law-judge hearing. (Docket Entry Nos. 21, 48, 49). The court found, in the absence of Fifth Circuit authority, that Adams was likely to show that it had a property interest in receiving and retaining the Medicare payments it earned, and that the government violated that interest by failing to timely adjudicate Adams's administrative appeal. (Docket Entry No. 48 at 19–20). The parties cross-moved for summary judgment. (Docket Entry Nos. 64, 65). The parties responded and Adams replied. (Docket Entry Nos. , 66, 67, 68). Before Azar replied to the response, the court stayed the case pending the Fifth Circuit's decision in *Sahara Health Health Care, Inc. v. Azar*, 975 F.3d 523, 533 (5th Cir. 2020).

In *Sahara Health*, the Fifth Circuit considered very similar due process and *ultra vires* claims by a healthcare provider and rejected them. Adams and Azar provided supplemental briefing on the *Sahara Health* decision. (Docket Entry Nos. 85, 88). The court now considers the motions for summary judgment under the law announced in *Sahara Health*.

## II. Summary Judgment Standard

"Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (per curiam) (internal quotation marks omitted); Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (internal quotation marks omitted).

**III.    Analysis**

Like the plaintiff in *Sahara Health*, Adams completed step two of the four-step administrative review process and faced recoupment while mired in a three-to-five year waiting period for an administrative-law-judge hearing. *See Sahara Health*, 975 F.3d at 526; (Docket Entry No. 1 at ¶ 3). And, like the *Sahara Health* plaintiff, Adams declined to exercise its option to escalate its appeal directly from step two to step four, which would be review by the Department of Health and Human Services' Appeals Board. *See Sahara Health*, 975 F.3d at 532; (Docket Entry No. 64 at 4). Like the *Sahara Health* plaintiff, Adams alleged that the Department violated statutory and constitutional due process rights and acted *ultra vires* when it began recouping the Medicare overpayment amount it alleged without first providing a hearing before an administrative law judge within 90 days. *See Sahara Health*, 975 F.3d at 525; (Docket Entry No. 1 at ¶ 1).

The *Sahara Health* court acknowledged that, as in this case, the Medicare recoupments would likely cause the plaintiff to go out of business. *See Sahara Health*, 975 F.3d at 530; (Docket Entry No. 48 at 22). The *Sahara Health* court found that the plaintiff's private interest in avoiding recoupment outweighed the government's interest under the *Mathews v. Eldridge* balancing test. 975 F.3d at 529 (quoting *Mathews v. Eldridge*, 424 U.S. 319 (1976)). But the court found that the plaintiff had received all the process it was due. *Sahara Health*, 975 F.3d at 533. The court also found that the Department had not acted outside the bounds of the authority that it had under the Medicare Act, 42 U.S.C. § 1395ff, by failing to make the administrative appeal available before recoupment. *Id.* at 533. And, in *Sahara Health*, the Fifth Circuit found that the plaintiff had failed to demonstrate the additional value of the live hearing: the plaintiff did not argue that it could demonstrate good cause to present additional evidence, and it did not "identify a single point of

inquiry it would pursue or a single dispute of material fact that it would address if given the opportunity to cross-examine the government's witnesses." *Sahara Health*, 975 F.3d at 531.

Adams argues that its claims are distinguishable from those in *Sahara Health* because it seeks to present live testimony to challenge the overpayment calculation that would not be allowed before the Appeals Board. (Docket Entry No. 88 at 4). Adams presented some evidence about the value of a hearing, but, under *Sahara Health*, Adams has not demonstrated how the hearing before the administrative law judge would meaningfully differ from the review available through the escalation process. Adams does not argue that it can show good cause to present additional evidence at a live hearing. And, "even if [Adams] received the *hearing* that it requests, it is unlikely that it would even receive the opportunity to cross-examine a witness," because cross-examination is available only if the Department chooses to make the witness available. *Sahara Health*, 975 F.3d at 531 (emphasis in original). Adams might still be able to present live testimony to the Appeals Board, which may decide to conduct a hearing when it determines that it is necessary. 42 C.F.R. § 405.1108(d).

Considering claims and facts similar to those before this court, the *Sahara Health* court found that the plaintiff received adequate process under the Constitution and the Medicare Act, and that the Department acted within its statutory authority. *Sahara Health*, 975 F.3d at 525. The same result applies here.

**IV. Conclusion**

Adams's statutory, due process, and *ultra vires* claims fail as a matter of law. The court grants Azar's motion for summary judgment, (Docket Entry No. 64), and denies Adams's motion for summary judgment, (Docket Entry No. 65).

4

Final judgment is separately entered.

SIGNED on January 6, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge